UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN M. WILSON,

    Plaintiff,

v.                                                              Case No. 1:12-cv-1252
                                                               Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of one or more orders entered by the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to Fed. Rules Civ. Proc. 12(b)(1) (docket no.8).

       **I.**     **Background**

       Defendant provided a summary of the procedural background in this action, based upon the declaration of Patrick Herbst, Chief of the Court Case Preparation and Review Branch 3, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (Herbst Decl.). *See* Herbst Decl. (docket no. 9-1 at pp. 2-5).

       That declaration states that Plaintiff filed his first application for a period of disability and disability insurance benefits (DIB) on June 12, 2003. *See* Herbst Decl., ¶ 4(e). In a July 27, 2006 [sic], Administrative Law Judge (ALJ) Thomas Walters found Plaintiff not disabled between March 31, 2001 and the date of the decision. Herbst Decl. ¶ 4(e), Exh. 4. Plaintiff filed a second application for DIB on January 20, 2009. *See* Herbst Decl., ¶ 4(e). Plaintiff's date last insured for purposes of DIB was December 31, 2006. *Id.* The claim was denied on April 15, 2009. Herbst Decl., ¶ 4(3), Exh. 5. Plaintiff did not appeal this decision.

>      Subsequently, Plaintiff filed a third application for disability insurance benefits on February 14, 2011. Herbst Decl. ¶ 4(a). The application was denied initially on February 20, 2011, and on reconsideration on March 22, 2011. Herbst Decl. Exh. 1. On June 17, 2011, ALJ Tammy Thames dismissed Plaintiff's request for a hearing on this determination. Herbst Decl. ¶ 4(b), Exh. 1.

Defendant's Brief at p. 2 (docket no. 9).

ALJ Thames' Order of Dismissal recited the procedural history of plaintiff's DIB claim and determined that his request was barred by the doctrine of *res judicata*, stating in pertinent part as follows:

>      On February 14, 2011, the claimant protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning July 28 2006. This claim was denied initially on February 20, 2011, and again on reconsideration on March 22, 2011. Thereafter, the claimant filed a written request for hearing on March 29, 2011. The claimant is represented by James R. Rinck, Attorney at Law.
>
>      An Administrative Law Judge may dismiss a request for hearing if the doctrine of *res judicata* applies. *Res judicata* applies when the Social Security Administration has made a previous determination or decision under subpart J of Part 404, Title 20 of the Code of Federal Regulations, involving the claimant's rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action (20 FR 404.957(c)(1)).
>
>      Th record shows that the claimant previously filed an application for a period of disability and disability insurance benefits that was denied in an Administrative Law Judge decision dated July 27, 2006. Additionally, the claimant filed an application for a period of disability and disability insurance benefits, on January 20, 2009, and it was denied in a determination dated April 15, 2009. The determination was issued after the claimant's insured status expired on December 31, 2006, and became administratively final because the claimant did not request review within the stated time period.
>
>      The undersigned has considered whether this determination should remain final and finds no reason why it should not. In this regard the deadline for requesting review should not be extended under Social Security Ruling 91-5p because at the time of the previous determination, the claimant did not have or allege having a mental impairment. Additionally, none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case. Accordingly, the previous determination

> remains final and binding.
>
> The question therefore becomes whether the same facts and same issues are involved. The undersigned has compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted for the relevant period of July 28, 2006, through December 31, 2006, and that there has been no change in statute regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period.
>
> The claimant's application filed on February 14 2011, alleges a date of disability onset of July 28, 2006 within a period previously adjudicated in his application filed on January 20, 2009, then denied on April 15, 2009. The new evidence is cumulative, referring to ongoing treatment of existing impairments that were evaluated in previous determination. Additionally as already stated, the claimant's insured status expired prior to the previous determination. Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies.
>
> Because the doctrine of *res judicata* applies, the request for hearing, dated March 29, 2011, is dismissed.

Order of Dismissal (June 17, 2011) (docket no. 9-1 at pp. 9-10).

The Appeals Council declined plaintiff's request to review the ALJ's decision. *See* Herbst Decl. ¶ 4(c); Notice of Appeals Council Action (Sept. 25, 2012) (docket no. 9-1 at pp. 12-13). Plaintiff subsequently filed this action appealing ALJ Thames' order. *See* Compl. (docket no. 1).

## II. Discussion

Defendant has moved for dismissal of plaintiff's complaint pursuant to Rule 12(b)(1), for lack of jurisdiction under 42 U.S.C. § 405(g). Specifically, defendant contends that plaintiff's complaint should be dismissed because the ALJ's order entered on June 17, 2011, which denied plaintiff's request for a hearing, was not a judicially reviewable final decision. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the

plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In the present case, the court will review the administrative record to determine whether plaintiff's appeal is properly before the court.

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part as follows:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). While § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in that section. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

The Sixth Circuit outlined the typical review process in *Sanders v. Commissioner of Social Security*, 101 Fed. Appx. 594 (6th Cir. 2004):

> The district court's jurisdiction to review the denial of social security disability benefits is provided for under § 405(g). *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir.1991). In order to obtain judicial review, an initial determination must be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. *See* 20 C.F.R. §§ 404.909, 404.920. After reconsideration, a hearing before an ALJ may be requested. *See* 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision is made, the claimant may then file an action for review of the Commissioner's decision before the appropriate federal district court. *See Willis*, 931 F.2d at 396.

*Sanders*, 101 Fed. Appx. at 595. *See* 20 C.F.R. §§ 404.900(a)(1) - (5) (stating that a claimant must complete a four-step administrative review procedure prior to requesting judicial review in a a federal district court consisting of an initial determination, reconsideration, a hearing before an ALJ

4

and a request for Appeals Council review).

Here, plaintiff seeks an appeal from the ALJ's June 17, 2011order denying a request for a hearing. The Sixth Circuit has held that such an order is not a final decision subject to review under § 405(g):

> [D]enial of a request for a hearing on grounds of *res judicata* does not satisfy section 405(g)'s jurisdictional requirement that there be a "final decision of the Secretary made after a hearing" in order for the district court to exercise review. In the absence of a hearing, a district court is deprived of jurisdiction to review the Secretary's decision.

*Hilmes v. Secretary of Health and Human Services*, 983 F.2d 67, 69 (6th Cir. 1993) (citation omitted).

Nevertheless, plaintiff contends that the present case should be reviewed by this Court because the procedure utilized by defendant violated his constitutional rights. *See Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981) ("absent a colorable constitutional claim, federal courts are without jurisdiction to review the [Commissioner's] denial of benefits on the basis of res judicata"). Specifically, plaintiff contends that he had no opportunity for a hearing or to present evidence to establish disability between July 28, 2006 (the day after the ALJ entered a decision denying benefits) and his last insured date of December 31, 2006.

The gist of plaintiff's claim is that ALJ Thames refused to re-open the April 15, 2009 determination denying benefits. As an initial matter, the Court does not find that ALJ Thames' conduct resulted in a constitutional violation. "Simply couching in constitutional language what is in reality an argument, that the [Commissioner] abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge." *Ingram v. Secretary of Health and Human Services*, 830 F.2d 67, 67-68 (6th Cir. 1987). Accordingly, plaintiff's complaint

5

can be dismissed on that basis.

Furthermore, there is no evidence that plaintiff was deprived of due process. It is well established that due process requires that a social security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir.1996), *citing Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). A social security claimant must "receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied." *Stoner v. Secretary of Health and Human Services*, 837 F.2d 759, 760-61 (6th Cir. 1988). Here, plaintiff had the opportunity to be heard with respect to his claim that he was disabled between July 28, 2009 and December 31, 2009. As discussed, in 2011 ALJ Thames "compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim" and based on this comparison found "that no new and material evidence has been submitted for the relevant period of July 28, 2006, through December 31, 2006." Order of Dismissal (June 17, 2011). Plaintiff waived the opportunity to present additional evidence for this time period when he failed to appeal the April 15, 2009 determination, resulting in that determination becoming administratively final for purposes of *res judicata*. *See Drummond v. Commissioner of Social Security*, 126 F.3d 837, 841 (6th Cir. 1997) (stating that such an initial determination is "binding unless the claimant requests reconsideration or the Commissioner revises its decision," and "subject to the doctrine of administrative res judicata"), *citing* 20 C.F.R. § 404.905 ("[a]n initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."). Thus, ALJ Thames could properly apply the doctrine of *res judicata* to the April 15, 2009 determination. *See* 20 C.F.R. § 404.905; *Drummond*, 126 F.3d at 841. *See also, Tobak v. Apfel*, 195 F.3d 183, 188 (3rd Cir. 1999) (where a claimant waived his opportunity to request an administrative hearing after the

denial of his first application for benefits, the absence of a hearing did not affect the court's determination that *res judicata* was properly applied in the case).

### III. Conclusion

Accordingly, defendant's motion to dismiss for lack of jurisdiction (docket no. 8) will be **GRANTED** and this matter will be **DISMISSED**. An order of dismissal consistent with this opinion shall be issued forthwith.

Dated: November 3, 2014　　　　　　　　　　/s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge